WILLIAM P. HADLEY *v.* WILLIAM A. NASH and wife *et al.*

When land is sold and the title is retained by the vendor until the payment of the promissory notes given by the vendee to secure the purchase money, and these notes are assigned by the vendor with the knowledge and consent of the vendee, the assignee will have a right to have the notes paid out of the land in preference to any claims which may have been acquired by other persons subsequent to the time when the sale was made and the notes were given.

Under the former system a judgment did not bind lands *proprio vigore,* but if a *fieri facias* execution were taken out upon the judgment it would bind the land from its *teste,* and the lien thus acquired could be continued by the issuing of *alias* and *pluries* executions regularily from term to term without intermission, but not otherwise.

The case of *Bell* v. *Hill,* 1 Hay. 85, cited and commented on.

This was a CIVIL ACTION, and upon the trial, before his Honor, *Tourgee, J.,* at the Spring Term, 1873, of the Superior Court of CHATHAM county, a jury was waived by consent,

and his Honor found the facts and stated his conclusions of law, which were in favor of the plaintiff; and from the judgment rendered thereon, the defendant, Nash, appealed.

These facts and conclusions of law are sufficiently stated in the opinion of this Court.

*Headen,* for the defendant.
*Manning,* for the plaintiff.

SETTLE, J.   In this case, by consent of parties, a jury was waived, and his Honor found the facts, and upon them, declared his conclusions of law.

The very clear and explicit manner in which he has discharged his duty relieves this Court of much labor, and affords a striking illustration in favor of that mode of trial.

It appears that on the 13th day of November, 1857, one Spencer McLenahan contracted to sell and convey in fee simple the lands in controversy to the defendant, W. A. Nash.   McLenahan gave his bond for title, and Nash gave his notes for the payment of the purchase money.   McLenahan, for value received, and with the knowledge of Nash, indorsed said notes to the plaintiff, and Nash, from time to time, up to the 10th of October, 1868, made payments to the plaintiff on said notes, and this action is brought to recover the balance of the purchase money unpaid and past due on said notes.

At November Term, 1855, of the Court of Pleas and Quarter Sessions for Chatham county one Bynum obtained a judgment against the said McLenahan and one Taylor for the sum of twenty-two hundred and sixty dollars, and executions issued from term to term on said judgment, but they did not purport to be *alias* and *pluries* writs.

The counsel for the defendant contends that this judgment, *propria vigore* and independent of any execution, was a lien upon this land from the time of its rendition, and

that McLenahan had no power to convey said land or to contract to convey it as he had done with the defendant, Nash, and as an authority for this position, he cites *Bell* v. *Hill*, 1 Haywood, 85.

In that case, McCoy, J., upon the idea, we suppose that when the plaintiff sued out an *elegit*, the judgment bound a moiety of the land from the time of its rendition, says, "we are agreed that a judgment binds the land from the time it is pronounced, but in this wise only, it hinders the the debtor from disposing of the land himself," &c.

The counsel cited no other case to sustain his position; and we do not deem it necessary to cite authority in support of the proposition that if the plaintiff resort to a *fieri facias* the land is bound only from the *teste* of the execution.

But the defendants, building on that foundation, and seeking to avoid the contract of the 13th of November, 1857, and to set up title in Elizabeth Nash, (under the sheriff's deed, who sold the said land on the 9th of August, 1858, to the defendant, Taylor, who conveyed the same to the defendant, John L. McLenahan, in trust for the defendant, Elizabeth Nash,) rely not only upon the Bynum judgment and executions issued thereon, but also upon other judgments and executions against the said Spencer McLenahan in favor of other parties.

But unfortunately for the defendants none of the executions under which the sheriff sold were *tested*, or went back by relation further than May Term, 1858, of the Court of Pleas and Quarter Sessions of Chatham county, whereas the equities between McLenahan and Nash had attached on the 13th of November, 1857.

The defendants' counsel made a labored argument as to the effect of these judgments and executions, but since his foundation is destroyed there is nothing for his superstructure to rest upon. The defendants are in this dilemma, if the sheriff had no right to sell, either by reason of a defect in

the process, or because the land was not liable to sale under execution by reason of the contract between McLenahan and Nash, then the purchaser at execution sale got nothing, but if there was anything which the sheriff had a right to sell, then the purchaser took the land subject to all the equities attached, and the equity of the plaintiff to have the purchase money can only be detached by the payment of the same.

Let it be certified that there is no error.

PER CURIAM.                    Judgment affirmed.